## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 2 9 2010

| | | |
|---|---|---|
| **RANCO INDUSTRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No._____ |
| | § | |
| **BOSTON FLOOR MATS** and | § | **JURY** |
| **LAMONT TROY,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT AND APPLICATION FOR PERMANENT INJUNCTION

Plaintiff Ranco Industries, Inc. ("Plaintiff") files this Original Complaint For Copyright Infringement and Application for Permanent Injunction against Defendant Lamont Troy d/b/a Boston Floor Mats (Defendant) and for cause of action respectfully shows:

### NATURE OF ACTION

1.    Plaintiff brings this action to obtain legal and equitable relief to remedy Defendants infringement of Plaintiff's copyright through their use of Plaintiff's identical arrangement, product descriptions, text and photographs ("Work") in a competing website located at the domain name www.bostonfloormats.com.

### JURISDICTION AND VENUE

2.    This action arises under 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has exclusive subject matter jurisdiction over copyright infringement claims under 28 U.S.C. §§ 1331 and 1338. Plaintiff has submitted all registration materials to the Copyright

1

Office and for jurisdiction purposes "registration" has occurred. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir. 2004).

3.      Defendants reside and/or do business in this State and District by intentionally engaging in acts and targeted at this District, purporting to engage in business with residents of this State and District, and purposefully availing themselves of the privilege of conducting activities in this State and District.

4.      Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff is a Texas corporation having a principal place of business at 3421 Rusk, Houston, Texas  77003.  Plaintiff is the owner of the Work that is the subject of a copyright application that was submitted to the Copyright Office on November 30, 2010.  A copy of the copyright application is attached hereto as Exhibit A.

6.      Defendant Boston Floor Mats is believed to be a corporation, sole proprietorship or other form of business organization or company organized and existing under the laws of the State of Massachusetts which is doing business in Texas and may be served through its owner, principal and/or agent Lamont Troy at its principal place of business or home office located at 16 Norwich Street, Worchester, Massachusetts 01608. Upon information and belief, Boston Floor Mats is doing business in Texas, but it does not possess a certificate of authority registered with the Texas Secretary of State to conduct business in Texas, nor has it appointed a an agent for service of process in this State. Accordingly, Boston Floor Mats may be served with service of

process thought the Texas Secretary of State at the address listed above pursuant to Tex. Civ. Prac. & Rem. Code §§ 17.026 and 17.0441.

7.     Upon information and belief, Defendant Lamont Troy is an individual who is the owner and/or agent for Boston Floor Mats.  Defendant may be served at 16 Norwich Street, Worchester, Massachusetts 01608.

## BACKGROUND

8.     Founded in 1978, for over thirty (30) years Plaintiff has been in the business of manufacturing, offering for sale and selling commercial and anti-fatigue floor mats.  Plaintiff manufactures and provides to customers high quality anti-fatigue mats, rubber mats, dielectric switchboard matting, electrostatic and conductive matting, runners, and drain through matting. In addition to the comprehensive collection of commercial floor mats, Plaintiff also specializes in custom fit manufacturing projects that tailor to a customer's individual needs.  Plaintiff has provided superior attention to detail in the manufacturing of floor mats for over thirty years.

9.     In the ongoing operations of Plaintiff's business, Plaintiff owns and operates a website located at www.rhinomats.com.  Plaintiff website provides customers and potential customers with information regarding the products Plaintiff manufactures and offers for sale.  It also provides specific product information for the comprehensive line of the hundreds of products that Plaintiff manufactures and offers for sale to the public.  Plaintiff provides a comprehensive list of the products manufactured and offered for sale including, ENTRANCE/SCRAPER MATS, LOGO MATS, ANTI FATIGUE MATS, DRAIN THRU MATS, HIGH IMPACT MATS, ESD ANTI FATIGUE MATS, ESD RUNNER MATS, RUNNER MATS, RECESS MATS, DIELECTRIC/SWITCHBOARD MATS, KNEELING

MATS, and DOCK BUMPER/WHEEL CHOCKS ("Product Categories").  Under each category of products, Plaintiff provides a complete product listing of each of these types of products offered for sale.  For example, under the link to CARPET MATS, there is a list of each type of CARPET MAT product available and a description for each type of product, including TOWN 'N' COUNTRY, POLY-OLEFIN, BRUSH-RIB, CHEVRON, and POLY PIN.  *See* Exhibit B (Plaintiff's Webpage for Carpet Mat Products)  When an Internet user views the specific product link, there is a product description for each product. *See* Exhibit C (Town 'n' country Product Description).

10.     Plaintiff provides a separate webpage that includes a listing of all of the products that Plaintiff provides for each of the Product Categories.  Plaintiff provides a product description for each of the available products offered under each Product Category. *See* Exhibit A.

11.     Plaintiff websites includes "Copyright Management Information" ("CMI") that appears at the bottom of each page of Plaintiff's website: ©2000-2010 Ranco Industries, Inc. *See* Exhibit A.  This information provides notice to Internet users that Plaintiff's website is owned by and is a copyrighted work of Plaintiff. *Id.*

12.     Around 2009, Plaintiffs' discovered that Defendants', a competitor in Plaintiffs' business, had launched a website located at www.bostonfloormats.com.  *See* Exhibit D. Defendants had copied the exact arrangement of Plaintiff's Product Categories on the website, which appears on each page of Defendants' website.  Defendants have also copied the exact arrangement of listed products under Plaintiff's Product Categories, and copied verbatim text of the product descriptions for the products listed.  Defendants' have also copied the exact

4

arrangement of each page including photographs of the products. Defendants' further copied the identical list of products that Plaintiff provides under each Product Category, including the identical product descriptions. *See* Exhibit E. Defendants' piracy is self-evident when the specific link to a category of products is viewed. Under the category "CARPET MATS", Defendants copied the list Plaintiff's list of products, in the exact arrangement and order, by listing the products TOWN 'N' COUNTRY, POLY-OLEFIN, BRUSH-RIB, CHEVRON, and POLY PIN. *See* Exhibit F (Defendants' Carpet Mats Product Webpage). Defendants also copied the exact product description for each of Plaintiff's CARPET MAT products. *See* Exhibit G (Product Descriptions for Each Carpet Mat Product).

13.     Defendants continued their unlawful copying of each of the products listed under each of Plaintiff's Product Categories along with the product description for each product listed under said Product Categories. *See* Exhibit H (Copy of Defendants' Product Categories and Product Descriptions).

14.     To conceal their acts of copyright infringement, Defendants' removed the CMI that is located at the bottom of Plaintiff's Work. *See* Exhibit D. Not only has Defendants removed the CMI that identifies Plaintiffs as the owner of the copyrighted work, Defendants inserted false CMI on the pages of their website to conceal their infringement of Plaintiff's work. *See* Exhibits D-F.

15.     Around 2009, after learning of the unauthorized use of Plaintiff's work, Plaintiff contacted Defendants to (1) provide notice of Plaintiff's rights in the work and (2) request that Defendants stop the use of Plaintiff's Work. Defendants did not comply with Plaintiff's request and continued to use Plaintiff's Work with a willful disregard for Plaintiff's rights in the work.

5

16.     At no time did Plaintiff grant or Defendants obtain permission from Plaintiff to use, alter, or distribute in any manner Plaintiff's work that is the subject of Plaintiff's copyright registration.  Despite written notice of Defendants unlawful infringement of Plaintiffs' rights under the Copyright Act, Defendants continue to infringe upon Plaintiffs rights and unless enjoined will continue to do so.

**COUNT I**
**(Copyright Infringement)**

17.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 16 as if set forth in full.

18.     Plaintiff has filed an application, fee and deposit with the United States Copyright Office to obtain registration of Plaintiff's work.

19.     Plaintiff is the owner of the work that was deposited with the Copyright Office.

20.     Defendants have infringed upon Plaintiff's copyright in the Work in violation of 17 U.S.C. § 501.

21.     Defendants acts have irreparably damaged Plaintiff and, unless enjoined, will continue to irreparably damage Plaintiff.  Plaintiff has no adequate remedy at law for these wrongs and injuries.  Plaintiff is therefore entitled to a permanent injunction restraining and enjoining Defendants and their employees, agents, servants, attorneys, and all persons acting in concert with them from infringing Plaintiff's copyright.

22.     Defendants have willfully infringed Plaintiff's copyright.

23.     Plaintiff is entitled to recover all damages sustained as a result of Defendants' unlawful conduct including, (1) Defendants' profits or (2) Plaintiff's damages.

6

## COUNT II
### (Distributing False Copyright Management Information in Violation of the Digital Millennium Copyright Act)

24.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 23 as if set forth in full.

25.     Defendants' conduct constitutes a violation of the Digital Millennium Copyright Act by providing false copyright management information in violation of 17 U.S.C. § 1202(a).

26.     As a direct and proximate result of Defendants' violations, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 1203(c)(2).

27.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(B), in an amount of $25,000.00 for each violation.

28.     Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b).

## COUNT III
### (Removal of Copyright Management Information in Violation of the Digital Millennium Copyright Act)

29.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 28 as if set forth in full.

30.     Defendants' conduct constitutes a violation of the Digital Millennium Copyright Act by removing and altering copyright management information in violation of 17 U.S.C. § 1202(b).

31.     As a direct and proximate result of Defendants' violations, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 1203(c)(2).

32.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(B), in an amount of $25,000.00 for each violation.

33.     Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b).

## COUNT IV
### (Contributory Copyright Infringement)

34.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 33 as if set forth in full.

35.     Through their conduct, Defendants have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and materially contributing to the above described unauthorized reproductions and/or distributions of Plaintiff's work.

36.     The foregoing acts of infringement by Defendants has been willful, purposefull, in disregard of, and indifferent to the rights of Plaintiff.

37.     Defendants' conduct constitutes contributory infringement of Plaintiff's copyright and Plaintiff's exclusive rights under the copyright in violation of 17 U.S.C. §§ 106 and 501.

38.     As a direct and proximate result of the contributory infringement by Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each act of contributory infringement.

39.     The conduct of Defendants threatens to cause and is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringements of Plaintiff's copyright and exclusive rights under copyright.

## COUNT V
### (Vicarious Copyright Infringement)

40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 39 as if set forth in full.

41.     The foregoing acts of infringement by Defendants have been willful, purposeful, in disregard of, and indifferent to the rights of Plaintiff.

42.     Defendants' conduct constitutes vicarious infringement of Plaintiff's copyright and Plaintiff's exclusive rights under the copyright in violation of 17 U.S.C. §§ 106 and 501.

43.     As a direct and proximate result of the vicarious infringement by Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each act of contributory infringement.

44.     The conduct of Defendants threatens to cause and is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of Plaintiff's copyright and exclusive rights under copyright.

### ATTORNEYS' FEES

45.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 44 as if set forth in full.

46.     Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b).

## CONDITIONS PRECEDENT

47.    All conditions precedent have been performed or have occurred.  (Fed. R. Civ. P. 9(c)).

## JURY DEMAND

48.    Plaintiff respectfully demands a jury on all issue so triable herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter Judgment:

A.    For Defendants' profits and damages in such an amount to be found;

B.    For permanent injunction restraining and enjoining Defendants and their employees, agents, servants, attorneys, and all persons acting in concert with them from, (i) directly or indirectly infringing in any manner Plaintiff's copyright or any other exclusive right; (ii) causing, contributing to, enabling, facilitating, or participating in any way in the infringement of Plaintiff's copyright; and (iii) causing, contributing to, enabling, facilitating, or participating in any way in the reproduction or distribution of any of Plaintiff's copyrights.

C.    For Defendants' profits and damages in such an amount to be found, or alternatively, for maximum statutory damages not less than $25,000.00 with respect to each violation, or for such other amount as may be proper under 17 U.S.C. § 1203(c)(3)(B);

D.    For Plaintiff's costs in this action, including his reasonable and necessary attorneys' fees pursuant to 17 U.S.C. §§ 505 and/or 1203(b);

E.    For pre and post-judgment interest at the maximum amount permitted by law; and

F.      For an award to Plaintiff of such other and further relief that this Court determines

is just and proper.

Respectfully submitted,

Paul S. Beik
Texas Bar No. 24054444
**BEIK LAW FIRM, PLLC**
448 W. 19TH ST., Ste. 228
Houston, Texas 77008
Tel: (713) 256-2918
Fax: (713) 880-9979
Email: paul@beiklaw.com

**ATTORNEYS FOR PLAINTIFF
RANCO INDUSTRIES, INC.**