UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANCO INDUSTRIES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-5214 |
| | § | |
| BOSTON FLOOR MATS and LAMONT TROY, | § | |
| | § | |
| *Defendants*. | § | |

**DEFAULT JUDGMENT**

Pending before the court is plaintiff Ranco Industries, Inc.'s ("Ranco") application for permanent injunction (Dkt. 2), application for entry of default (Dkt. 9), and motion for default judgment (Dkt. 9). Both defendants were served on January 20, 2011. Dkts. 7, 8. Their answers were due on February 10, 2011. Neither defendant has answered or otherwise appeared to respond to Ranco's complaint and request for a permanent injunction. The court has examined the applications, motion, evidence, and the applicable law, and the court is of the opinion that the application for permanent injunction (Dkt. 2), the application for entry of default (Dkt. 9), and the motion for default judgment (Dkt. 9) should be GRANTED.

**I. BACKGROUND**

Ranco is in the business of manufacturing, offering for sale, and selling commercial and anti-fatigue floor mats. Dkt. 1. Ranco owns and operates a website located at www.rhinomats.com. *Id.* On that website, Ranco provides information about the products it manufactures and sells. *Id.* It also offers its products for sale. *Id.* Ranco claims that it has submitted all registration materials to the Copyright Office, and it attached a copy of its application to the complaint. *Id.* & Exh. A. Ranco's website includes "Copyright Management Information" at the bottom of each page that puts Internet users on notice that the website is owned by and is a copyrighted work of Ranco. *Id.*

Ranco alleges that defendant Boston Floor Mats is a Massachusetts company owned by defendant Lamont Troy. *Id.* In approximately 2009, Ranco discovered that defendants had launched a website located at www.bostonfloormats.com. *Id.* & Exh. D. The arrangement of product categories, the arrangement of listed products, and the text of the product descriptions are the same as the arrangements and text on Ranco's website. *Compare* Dkt. 1, Exh. A, B, & C, *with* Exh. E & F. The defendants' website also uses photographs of products that are identical to the photographs used on Ranco's website. *Id.* There are minor differences in the websites. Specifically, the company logo is different, and the copyright management information at the bottom of each page is different. Defendants' copyright management information indicates that the page is copyrighted to Boston Floor Mats. *See, e.g.*, Dkt. 1, Exh. F. Also, some, but not all, of the text is slightly modified or not completely copied. For example, the Ranco page for its "Vinyl Matting Reclamation Program" has three introductory paragraphs describing the program, one paragraph discussing "the easy way to recycle vinyl matting," and eight frequently asked questions with corresponding answers. Dkt. 1-5. The defendants' "Vinyl Matting Reclamation Program" page has only two introductory paragraphs, though its first paragraph appears to be a combination of the first two paragraphs from Ranco's page, modified to indicate that Boston Floor Mats is merely selling the product, not developing it. *Compare* Dkt. 1-5, *with* Dkt. 1-7. Also, the Boston Floor Mats page only has four frequently asked questions; however, they are essentially identical to four of the questions on the Ranco page. *Compare* Dkt. 1-5, *with* Dkt. 1-7.

Ranco filed this lawsuit on December 29, 2010. Dkt. 1. Ranco seeks "profits and damages in an amount to be found or maximum statutory damages," costs, including attorneys' fees, pre and post-judgment interest, and a permanent injunction. Dkt. 1. Ranco filed an application for a permanent injunction concurrently with its complaint. Dkt. 2. Defendants were served on January 20, 2011. Dkts. 7, 8. Defendants have failed to answer or otherwise appear. Ranco therefore filed

its application for entry of default and motion for default judgment on February 28, 2011. Ranco is requesting a judgment on liability at this time. Dkt. 9. Ranco requests a hearing at a later date during which it will provide evidence of damages as well as attorneys' fees and costs. *Id.*

## II. LEGAL STANDARDS

### A. Copyright Infringement

The "1976 revisions to the Copyright Act leave no doubt that originality, not 'sweat of the brow,' is the touchstone of copyright protection in directories and other fact-based works." *Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 359-60, 111 S. Ct. 1282 (1991). "[F]acts are never original," "the copyright in a compilation does not extend to the facts it contains," and "a compilation is copyrightable only to the extent that it features an original selection, coordination, or arrangement." *Id.* at 360 (citing 17 U.S.C. §§ 101-03). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.* at 361. "Unauthorized copying can be established when the plaintiff can show that defendant had access to the copyrighted work and, that the accused work is substantially similar to the copyrighted work." *Mist-On Sys., Inc. v. Gilley's European Tan Spa*, 303 F. Supp. 2d 974, 977 (W.D. Wis. 2002) (internal quotations omitted) (quoting *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994)).

Section 504(b) of the Copyright Act of 1976 allows courts to award actual damages suffered by the copyright owner as a result of the infringement as well as any profits of the infringer that are attributable to the infringement. 17 U.S.C. § 504(b). Section 504(c) allows the copyright owner to elect, at any time before final judgment, to recover statutory damages in an amount that the court deems just of not less than $750 or more than $30,000, rather than actual damages. 17 U.S.C. § 504(c). The court may award costs pursuant to 17 U.S.C. § 505, and it may enter an injunction pursuant to 17 U.S.C. § 502(a).

**B.     Digital Millennium Copyright Act**

Section 1201 of the Digital Millennium Copyright Act ("DMCA") creates "a cause of action for circumvention and for trafficking in circumvention devices." *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1318 (Fed. Cir. 2005). Section 1202(a) of the DMCA prohibits a person from "knowingly and with the intent to induce, enable, facilitate, or conceal infringement–(1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). Section 1202(b)(1) of the DMCA prohibits a person from intentionally removing or altering any copyright management information without permission from the copyright owner. 17 U.S.C. § 1202(b)(1). In order to prove a violation of the DMCA, a copyright owner "must prove that the circumvention of the technological measure either 'infringes or facilitates infringing a right protected by the Copyright Act.'" *Storage Tech. Corp.*, 421 F.3d at 1318.

**C.     Default Judgment**

Under Local Rule 5.5, all default judgment motions must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. Ranco satisfied Local Rule 5.5. *See* Dkt. 9 at 4 (Certificate of Service). Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Given defendants failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in the complaint as true and to award relief sought by the plaintiff.

**III. ANALYSIS**

Here, taking all well-pleaded facts in the complaint as true, Ranco has a valid copyright. Ranco created the text, photographs, and artwork in its website, and it arranged the information in

a specific way. Dkt. 1-1. Defendants had access to the copyrighted material, as it was published on the Internet.[1] Defendants' website, which has identical photographs and, in certain places, identical text and an identical arrangement of products, is substantially similar to Ranco's website. Thus, defendants' website infringes upon Ranco's copyright.

According to Ranco's complaint, defendants removed the copyright management information from its work and then inserted false copyright management information on the page to conceal their acts of copyright infringement. Dkt. 1. Taking these well-pleaded facts as true, the court concludes that defendants likewise violated section 1202(a) and 1202(b) of the DMCA. This conclusion is buttressed by a review of the exhibits to the complaint, which are copies of the websites. Ranco's web pages contain a footer specifically stating that the material is copyrighted. Some of the Boston Floor Mats pages are almost exactly the same as corresponding pages on Ranco's website, except the Boston Floor Mats pages have different copyright management information and different logos.

## IV. INJUNCTION

Having determined, based on the well-pleaded facts in Ranco's complaint as well as the evidence submitted, that defendants have infringed Ranco's copyright by publishing a substantially similar website containing identical photographs and a substantially similar arrangement and text, the court finds that a permanent injunction is warranted. Defendants are hereby ENJOINED from continuing to operate the website www.bostonfloormats.com unless and until all copyright infringing material is removed from the website or defendants have received appropriate permission from the copyright owner to use the original material and arrangement of products from Ranco's website.

---

[1] The copyright management information contained on Ranco's webpages indicates that Ranco has held a copyright on the information or arrangement of facts since 2000. Dkt. 1 & Exhs. A, B.

## V. Conclusion

The court hereby **GRANTS** Ranco's motion for default judgment as to liability for its claims against defendants for copyright infringement and violations of the Digital Millennium Copyright Act. Damages will be determined at a later date, after a hearing. The court also **GRANTS** Ranco's application for a permanent injunction and **ENJOINS** defendants from continuing to infringe upon Ranco's copyright, as outlined in Part IV, *supra*.

It is SO ORDERED.

Signed at Houston, Texas on March 31, 2011.

_____
Gray H. Miller
United States District Judge